**JS-6**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IGOR CHINIAKOV,<br>Petitioner,<br>v.<br>TODD M. LYONS, et al.,<br>Respondents. | Case No. 5:26-cv-4106-DMK<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Pending before the Court is Petitioner Igor Chiniakov's second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking his immediate release. ECF 1. Petitioner challenges the constitutionality of his initial detention and ongoing custody by the U.S. Immigration and Customs Enforcement ("ICE") under materially changed circumstances. ECF 1 at 14–21. Petitioner argues that the post-deprivation hearing he received did not cure the underlying constitutional violation. *Id.* at 21. On July 29, 2026, Respondents filed an answer arguing that the instant petition is barred as successive under the abuse of writ doctrine and should be dismissed. ECF 8 at 2. Petitioner filed a reply on July 31, 2026. ECF 9.

For the following reasons, the Petition is dismissed without prejudice as impermissibly successive.

## I. BACKGROUND

In April 2026, Petitioner filed his first habeas corpus petition ("First Petition") and application for temporary restraining order in this Court under *Chiniakov v. Lyons, et al.*, No. 5:26-cv-2031-SB-DMK (*Chiniakov I*)[1], and sought immediate release. The First Petition raised three claims: (1) Petitioner's re-detention violated the Immigration and Nationality Act ("INA"); (2) Petitioner's re-detention violated due process under the Fifth Amendment because Respondents failed to provide a pre-deprivation notice or hearing, and (3) Petitioner's arrest violated the Fourth Amendment because it was executed without a warrant or probable cause. *See Chiniakov I*, ECF 1. On May 6, 2026, the Court issued an order partially resolving the Petition ("Interim Order"). *Chiniakov I*, ECF 11. The Court denied Petitioner's due process claim because the First Petition failed to address the adequacy of the post-deprivation process, but found him to be a *Maldonado-Bautista* class member and directed the government to provide an individualized bond hearing before an immigration judge ("IJ") within seven days of the date of the Interim Order. *Id.* at 3–4. The Petitioner had his bond hearing and the IJ concluded that Petitioner is a flight risk and denied bond.

On May 28, 2026, following the IJ's bond determination, Petitioner filed a motion to enforce, contending that the bond hearing he received did not comply with the Court's order or with his Fifth Amendment due process rights. *Chiniakov I*, ECF 14. Petitioner reiterated that his arrest and continued detention violated due process, and argued that a post-deprivation bond hearing is inadequate to remedy his constitutional injury. *Id.* Petitioner also reported that his wife, who had a high-risk pregnancy, gave birth in June and was hospitalized for postpartum complications. *Chiniakov I*, ECF 18.

[1] References to the docket in the prior action, *Chiniakov v. Warden, et al.*, No. 2:26-cv-02031-SB-DMK (C.D. Cal. 2026), will be cited herein as "*Chiniakov I*, ECF [#]."

On July 2, 2026, the Court denied the remaining claims on the merits and reiterated its rejection of Petitioner's due process claim as the Court "already rejected that argument …, and Petitioner identifies no factual or legal basis to revisit that ruling. " *Chiniakov I*, ECF 20 at 2. The Court further denied the motion to enforce, finding that the government had complied with the Interim Order by providing the required bond hearing. *Id.* at 4.

On July 22, 2026, Petitioner commenced the instant action by filing a second petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Second Petition"), again seeking his immediate release. The Second Petition advances four claims: (1) Petitioner's continued detention under materially changed factual and legal circumstances violates procedural due process because it is "excessive, arbitrary, and punitive in relation to the legitimate purposes of civil immigration detention" (ECF 1 at 18); (2) Petitioner's continued detention violates procedural due process because his initial re-detention was "based largely upon allegations that never resulted in criminal prosecution and despite years of compliance with immigration supervision" (*id.* at 20); (3) his post-deprivation bond hearing was inadequate to remedy "the deprivation of his physical liberty without constitutionally adequate procedures from the outset of his detention" (*id.* at 21); and (4) Petitioner's immediate release is the appropriate habeas remedy (*id.* at 23). Petitioner contends that materially changed factual and legal circumstances—including Petitioner's continued confinement; the expiration of the period to appeal the IJ's bond determination to the Board of Immigration Appeals ("BIA"); the continued absence of any criminal prosecution arising from the arrest that precipitated his detention; the birth of Petitioner's son; his wife's postpartum medical complications; and the resulting extraordinary hardship on his family following his son's birth—present a new constitutional controversy that was not before the Court during Petitioner's prior habeas proceedings." *Id.* at ¶¶ 16–17.

## II. LEGAL STANDARD

The statutory bar against successive habeas petitions found in 28 U.S.C. § 2244(b) applies only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and not habeas petitions filed pursuant to 28 U.S.C. § 2241. *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000). Nevertheless, the Ninth Circuit has recognized that the common law doctrine of abuse of the writ may serve as a bar to successive habeas petitions filed pursuant to § 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). "The doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Id.* (citation omitted). Further, in applying the abuse of the writ doctrine, "grounds may be considered the same even when supported by different legal arguments." *Sanders v. United States*, 373 U.S. 1, 11–12 (1963). "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petition can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Alaimalo*, 645 F.3d at 1049.

## III. DISCUSSION

Respondents contend that the Second Petition relies on the same factual predicate as *Chiniakov I*, and brings claims that either could have been asserted in the First Petition, or were raised and denied. ECF 8 at 2. Because "the [First Petition] does not challenge any event that might have happened since the [first action] was concluded," the Second Petition is successive and should be dismissed for abuse of writ. ECF 8 at 2. Respondents further argue that Petitioner failed to exhaust administrative remedies before filing the Second Petition because he did not appeal the IJ's May 13, 2026, ruling. *Id.* at 6.

Petitioner rejects Respondents' contentions, arguing that he is not seeking "reconsideration of Judge Blumenfeld's prior decision," nor asking "this Court to

review the IJ's discretionary bond determination," but rather challenging "the constitutionality of his continued detention following the conclusion of those proceedings, under materially changed factual and procedural circumstances that were not before the Court during the earlier litigation." ECF 9 at 4–5. Petitioner contends the developments described above "fundamentally alter the constitutional analysis before this Court." *Id.* at 2.

## IV. ANALYSIS

As a preliminary matter, the Second Petition is successive because it asserts claims that the Court has either addressed and rejected, or could have been raised in the first petition. *Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996); *Campbell v. Blodgett*, 997 F.2d 512, 516 (9th Cir. 1992) ("A claim is successive if it was raised in an earlier petition, or if it fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and previously determined on the merits."). Petitioner's due process claims, which the Court already addressed and denied on the merits, are predicated on factual circumstances that existed prior to the Court's July 2, 2026, Order, and largely duplicate the record already before the Court in the first action. Moreover, the legal theory underlying Petitioner's due process claim – that Petitioner's post-deprivation bond hearing was constitutionally inadequate to remedy the violation– is not new. Petitioner squarely raised the adequacy argument in the motion to enforce. *See Chiniakov I,* ECF 14 at 14–17. Petitioner has an obligation to "conduct a reasonable and diligent investigation aimed at including all relevant … grounds for relief in the first federal habeas petition." *McCleskey v. Zant*, 499 U.S. 467, 498 (1991).

"A different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief and is successive." *Campbell*, 977 F.2d at 516. Petitioner cannot circumvent the Court's ruling in *Chiniakov I* by relitigating a claim already presented to, and rejected by,

this Court absent a showing of prejudice or miscarriage of justice, particularly where, as here, the underlying factual predicate has not meaningfully changed. *Sanders*, 373 U.S. at 16 ("Even if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground.").

None of the changed circumstances identified in the Second Petition alters that analysis. While the Court recognizes Petitioner's difficult circumstances, such considerations do not constitute the prejudice or fundamental miscarriage of justice contemplated under a successive petition analysis. *See id.* at 16–17 (establishing the ends-of-justice standard: for factual issues, a showing that prior evidentiary hearing was not full and fair; for purely legal issues, a showing of an intervening change in law or other justification for failing to raise the point earlier).

Finally, no manifest injustice exists in any event because Petitioner is not without a remedy, to the extent he can seek a bond redetermination pursuant to 8 C.F.R. § 1003.19 (e) based on his changed circumstances[2]. The proper procedure would be to seek a redetermination before the immigration court. *Accord Arciaga v. Asher*, No. 14-1659, 2015 WL 500189, at *3 (W.D. Wash. Jan. 23, 2015) (noting that petitioner who is detained under § 1226(a) and did not request another bond redetermination hearing under § 8 C.F.R. § 1003.19(e) failed to show a due process violation); *Gillis v. Decker*, No. 13-0172, 2013 WL 4718913, at *3–4 (M.D. Pa. Sept. 3, 2013) (dismissing habeas petition without prejudice where petitioner failed to file a subsequent bond request as per 8 C.F.R. § 100.19 as he still had remedies available to challenged his continued detention before having court consider his habeas petition).

[2] The regulations provide that Petitioner may seek a bond redetermination from the IJ based on changed circumstances. *See* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.").

Accordingly, the Court concludes that Petitioner has not shown cause to bring a successive petition. Nor has Petitioner shown that a fundamental miscarriage of justice would result from failing to consider his successive petition. Therefore, the Court finds that this Second Petition should be barred as a successive petition under the abuse of writ doctrine. *See Burke v.* Colbert, No. 23-1644, 2025 WL 89115, at *1 (9th Cir. Jan. 14, 2025) ("The district court correctly concluded that this claim is barred by the abuse of writ doctrine because he raised it in his first § 2241 petition."); *Hernandez v. Warden*, No. 1:26-cv-04569-DAD-JDP, 2026 WL 1823000, at *1 (E.D. Cal. Jun. 24, 2026).

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered:

1. The Petition is DISMISSED without prejudice as a successive petition barred under the abuse of the writ doctrine; and
2. The Clerk of the Court is directed to close this case.

DATED: August 26, 2026

HONORABLE DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE